# SULLIVAN,

## DECEMBER TERM, A. D. 1846.

### MITCHELL *v.* BROWN.

The statute does not require that the moderator of a school district meeting should be elected by ballot, or that he should be sworn.

A school district, having voted to raise a sum of money for the purpose of building a school house, it is the duty of the clerk to deliver a certified copy of the vote to the selectmen within ten days, notwithstanding the meeting may have been adjourned to a more distant day. And it is the duty of the selectmen thereupon to proceed to the assessment of the tax.

If, however, the assessment has not been made before the day to which the meeting stands adjourned, the district may, at the adjourned meeting, reconsider the vote; and a copy of the vote of reconsideration, being certified to the selectmen, will prevent the assessment.

A vote may be reconsidered at an adjourned meeting, if it has not been so acted on that it cannot be rendered nugatory. A refusal by the moderator to put a motion for that purpose is unwarrantable. But such refusal does not operate to reverse or impair the vote. After the tax has been assessed and committed to the collector, and he has commenced the collection of it, a vote of reconsideration is of no avail.

IN EQUITY. The bill stated that the plaintiff is an inhabitant of school district No. 7, in Acworth, and possessed of property within the district, and liable to be assessed for his proportion of money voted to be raised by the inhabitants; that at a meeting of the inhabitants, held on the 3d of September, 1845, D. Robinson was chosen moderator, but it did not appear that he was chosen by ballot, and that he was not sworn into office; that under the 3d article of the warrant the district voted to build a new school house, chose a building committee, and voted to

build in some more central place; that the meeting was then adjourned to the 5th, then to the 20th, and then to the 27th of September, when it was voted to raise the sum of $250 for the purpose; and that the meeting was further adjourned to October 11, at which time a motion was duly made to re-consider the vote to raise money, passed at the previous meeting, which, as the plaintiff believes, if it had been put would have been adopted by a majority of the actual voters of the district then assembled, and by the vote of those liable to be assessed in a sum equal to two thirds of the tax voted to be assessed; but the moderator refused to receive the motion, and put an end to the meeting by declaring that the articles of the warrant had all been acted on, although no motion had been made to dissolve the meeting.

The bill then stated that at a meeting of the inhabitants, February 28, 1844, all the foregoing votes were reconsidered, but that a return had been made to the selectmen, who thereupon made an assessment of said $250 upon the polls and estates of the inhabitants, in which the plaintiff was assessed the sum of $37.50, and committed the same, with their warrant, to the collector, who threatened to collect the same.

Prayer for an injunction to restrain the collection of the tax.

The parties agreed that on the 30th of September, 1845, the clerk of the district delivered to the selectmen of Acworth a certificate of the vote of the district, passed on the 27th, to raise said sum of $250; that the selectmen, on the 28th of November, assessed a tax therefor upon the inhabitants of the district, and committed the same to the defendant, as collector, with their warrant for the collection of the same, about that time; and that in the month of January, 1846, the defendant collected of J. W. Beckwith, one of the inhabitants, his tax, amounting to $3.48.

*Hubbard & Cushing*, for the plaintiff.

*Leland*, for the defendant.

PARKER, C. J.  It is not stated directly in the bill that the moderator was not elected by ballot, but that is not material.  The statute does not require that he should be so chosen, nor that he should be sworn, and the express provision that the clerk of the meeting shall be sworn, indicates that the omission to require the moderator to take an oath was intentional.

The district, having voted to raise a sum of money for building a school house, it was the duty of the clerk to deliver to the selectmen a certified copy of that vote, "within ten days thereafter" ; and it was thereupon the duty of the selectmen to assess a tax for the amount. The adjournment of the meeting did not affect these duties.

But the assessment, not having been made at the time of the adjourned meeting, October 11, the district might have re-considered the vote, and such reconsideration, being certified to the selectmen, would doubtless have prevented an assessment, because the district would thereby have rendered nugatory their previous action upon the subject.

A vote may be reconsidered at an adjourned meeting, if it has not been so acted on that it cannot thereby be rendered nugatory.  The act of the moderator, therefore, in refusing to put the motion for that purpose was unwarrantable.  His duty required him to do this, so long as the district had the right to reconsider.

But the improper refusal of the moderator did not operate to reverse or impair the vote to raise the money. The selectmen were, therefore, bound to assess the tax.  It was legally assessed, committed to the collector, with a warrant for its collection, and he had actually commenced

the collection of it before the district, at a subsequent meeting, undertook to reconsider its previous action.

It is clear, that, after all this had been done, it was not in the power of the district, by a reconsideration, to render nugatory the previous vote. The vote of February 28th is therefore of no avail. It may well be held that there could be no reconsideration after the selectmen had assessed the tax.

*Bill dismissed.*